UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYLER J. TURNER** | |
| | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 20-660-JWD-EWD** |
| **ASCENDIUM EDUCATION GROUP, ET AL.** | |

## RULING AND ORDER

This matter comes before the Court on the *Motion to Dismiss* (Doc. 4) filed by Defendants Ascendium Education Group and Pioneer Credit Recovery, Inc. (collectively "Defendants"). Plaintiff Tyler J. Turner ("Plaintiff") opposes the motion. (Doc. 9.) Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendants' motion is granted. However, Plaintiff will be given leave to amend the operative complaint to cure the deficiencies outlined in Defendants' motion.

**I.      Background[1]**

This suit arises out of the "wrongful garnishment" of Plaintiff's wages. (*Pet.* ¶ 2, Doc. 1-2.) Plaintiff acquired a loan from the Department of Education to finance his education at Southern University Law School in Baton Rouge, Louisiana. (*Id.* ¶ 3.) Subsequently, Defendants garnished his wages in an attempt to collect on the loan. (*Id.* ¶ 2.)

According to the Petition, this wage garnishment is "unlawful and unauthorized" because Defendants are "not allowed to institute garnishment proceedings in this state." (*Id.* ¶ 7.) Plaintiff further alleges that Defendants "engaged in fraud and ill practices in pursuing funds from

---

[1] On July 6, 2020, Plaintiff filed this suit in the 23rd Judicial District Court for the Parish of Ascension. (*Pet.*, Doc. 1-2 at 1.) On October 2, 2020, Defendants removed the case to this Court. (Doc. 1.)

Petitioner that [are] not owed" and that the wage garnishment is invalid "as a result of the fraudulent conduct of defendants." (*Id. ¶¶* 8–10.)

Based on the above allegations, Plaintiff asserts claims for fraud and ill practices, wrongful seizure/garnishment, conversion, and violations of the Louisiana Unfair Trade Practices Act. (*Id. ¶¶* 8–13.) Plaintiff seeks damages and an injunction from this Court prohibiting his employer from garnishing his wages "until this matter has been resolved." (*Id. ¶* 17.)

## II.   Parties' Arguments

Defendants assert that the Petition does not contain specific factual allegations to sufficiently state any claim for relief. (Doc. 5 at 2.) Rather, the Petition consists only of legal conclusions which are "entirely unsupported by any facts." (*Id.* at 3.) Defendants represent that the only two factual allegations included in the Petition—that Plaintiff obtained a loan and that Defendants garnished his wages to collect on the loan—fail to support a finding that they engaged in any misconduct. (*Id.*)

Further, Plaintiff has not plead "a single fact, let alone facts stated with sufficient particularity, to state a claim for fraud under Fed. R. Civ. P. 9(b)." (*Id.* at 5.) Defendants emphasize that the Petition includes only conclusory legal allegations and no facts alleging the "who, what, when, where, why and how" of any alleged fraud. (*Id.* at 4.) Thus, Plaintiff has failed to state any claims against Defendants, much less a claim for fraud. (*Id.*)

In opposition, Plaintiff argues that under *Twombly*, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." (Doc. 9 at 1 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007)).) However, Plaintiff fails to state what, if any, facts contained in the Petition support the claims he asserts against Defendants. (*See id.* at 1–2.)

**III.   Discussion**

    **A. Applicable Law and Analysis**

As will be discussed below, Plaintiff failed to substantively respond to any of the arguments made in Defendants' motion to dismiss, including that he failed to state any claim for relief. As a result, Plaintiff has waived any argument to the contrary and the Court will dismiss all of Plaintiff's claims against Defendants.

"The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal." *JMCB, LLC v. Bd. Of Commerce & Indus.*, 336 F.Supp. 3d 620, 634 (M.D. La. 2018) (deGravelles, J.) (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n. 10 (S.D. Tex. 2003)); *see also United States v. Dominguez-Chavez*, 300 F. App'x 312, 313 (5th Cir. 2008) ("Dominguez has failed to adequately raise or develop his due process and equal protection arguments in his appellate brief, and, thus, they are waived."); *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (defendant's failure to offer any "arguments of explanation . . . is a failure to brief and constitutes waiver").

"By analogy, failure to brief an argument in the district court waives that argument in that court." *JMCB*, 336 F. Supp. 3d at 634 (quoting *Magee*, 261 F. Supp 2d at 748 n.10); *see also United States ex rel. Wuestenhoefer v. Jefferson*, 105 F. Supp. 3d 641, 672 (N.D. Miss. 2015) (citing *Dominguez-Chavez*, 300 F. App'x at 313; *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones.")); *Kellam v. Servs.,* No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes

abandonment or waiver of the issue." (citations omitted)); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

Here, Plaintiff did not substantively respond to Defendants' arguments that he failed to state any viable claims against them. Plaintiff's two-page opposition memorandum merely recites the legal principles applicable to a Rule 12(b)(6) motion. However, Plaintiff makes no attempt to connect those principles to the case at hand nor does he argue that he has sufficiently stated any claims. While he states that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint[,]" he does not explain what, if any, facts contained in the Petition support the claims he asserts. (Doc. 9 at 1 (quoting *Twombly*, 550 U.S. at 563).) Consequently, Plaintiff's recitation of the applicable law unaccompanied by any effort at developed argumentation constitutes waiver of any argument to the contrary. *See JMCB*, 336 F. Supp. 3d at 634 (finding that operative complaint could be dismissed because plaintiff failed to respond to the substance of defendant's arguments); *Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019) (deGravelles, J.) (finding that policy exclusion could apply because plaintiff failed to oppose insurer's argument on the issue); *see also Wuestenhoefer*, 105 F. Supp. 3d at 672.

### B. Leave to Amend

"[A] court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955). The Fifth Circuit has further stated:

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts

> often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

One leading treatise has further explained:

> As the numerous case[s] . . . make clear, dismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim. A district court's refusal to allow leave to amend is reviewed for abuse of discretion by the court of appeals. A wise judicial practice (and one that is commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief.

5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2016).

Here, "the Court will act in accordance with the 'wise judicial practice' and general rule" and grant Plaintiff leave to amend. *JMCB*, 336 F. Supp. 3d at 642; *see also Fetty v. Louisiana State Bd. of Private Sec. Examiners*, --- F. Supp. 3d ----, No. 18-517, 2020 WL 520026, at *15 (M.D. La. Jan. 31, 2020) (deGravelles, J.) (citing *JMCB*, 336 F. Supp. 3d at 641–42)); *Murphy v. Bos. Sci. Corp.*, No. 18-31, 2018 WL 6046178, at *1 (M.D. La. Nov. 19, 2018) (deGravelles, J.) (reaching same result) (citing, *inter alia*, *JMCB*).

Nevertheless, the Court advises Plaintiff of his obligations under Rule 11 of the Federal Rules of Civil Procedure. Plaintiff should have a good faith basis in law and fact for any claims he

5

makes. Fed. R. Civ. P. 11(b)(2), (3). While the Court has no reason to doubt Plaintiff's adherence to this rule, the Court issues this reminder as a precaution.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss* (Doc. 4) filed by Defendants Ascendium Education Group and Pioneer Credit Recovery, Inc. is **GRANTED** and that all of Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall be given twenty-eight (28) days in which to amend his complaint to cure the deficiencies. Failure to do so will result in the dismissal of these claims with prejudice.

Signed in Baton Rouge, Louisiana, on April 12, 2021

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**