UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TYLER J. TURNER**

**v.**

**ASCENDIUM EDUCATION GROUP, ET AL.**

**CIVIL ACTION**

**NO. 20-660-JWD-EWD**

### RULING AND ORDER

This matter comes before the Court on the *Motion to Dismiss Plaintiff's First Amended Complaint* (Doc. 28) filed by Defendants Ascendium Education Group ("Ascendium") and Pioneer Credit Recovery, Inc. ("Pioneer") (collectively "Defendants"). Plaintiff Tyler J. Turner ("Plaintiff") opposes the motion. (Doc. 33.) No reply was filed. Oral argument is not necessary. The Court has carefully considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule.

For the following reasons, Defendants' motion is granted. In sum, Plaintiff's claims fail on virtually every level. First, Plaintiff has failed to meaningfully oppose the instant motion, so he has waived his claims. Second, even if the Court looked past this waiver, the Court would dismiss Plaintiff's claims on substantive grounds because (a) Plaintiff failed to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a), much less the heightened pleading requirements for his claims under Rule 9(b), and (b) Plaintiff's claims are preempted by federal law. For all these reasons, the Court will dismiss Plaintiff's claims. Because Plaintiff failed to cure prior deficiencies with his original complaint, and because any amendment would be futile, the Court will not allow any further amendment and will dismiss Plaintiff's claims with prejudice.

I.     **Background**

This suit arises out of what Plaintiff alleges was the "wrongful garnishment" of his wages. (Doc. 19 at 1.) Plaintiff acknowledges that he obtained a loan to "pursue his educational goals." (*First Amended Complaint* ("*FAC*") ¶ 6, Doc. 27.) The loan at issue was administered pursuant to the Federal Family Education Loan Program ("FFELP"), which is governed by the Higher Education Act ("HEA") and its implementing regulations. (Doc. 28-1 at 6.) Ascendium is the guarantor for Plaintiff's FFELP loan, and Pioneer operates as Ascendium's collection agent. (*Id.* at 2–3.)

Sometime after the loan was acquired, "Defendants submitted documents to the Ascension Parish School Board and collected one pay period of Plaintiff's wages" in an attempt to satisfy the debt owed by Plaintiff. (*FAC* ¶ 11, Doc. 27.) Plaintiff asserts that "any and all amounts validly owed by [him] have been satisfied." (*Id.* ¶ 13.) According to the *FAC*, Defendants were "aware their action to garnish Plaintiff's wages [was] not procedurally correct and despite this knowledge," submitted documents to Plaintiff's employer seeking to collect his wages anyway. (*Id.* ¶ 11.)

Subsequently, Plaintiff filed the present suit alleging that Defendants' actions violated Louisiana's Unfair Trade Practices and Consumer Protection Act ("LUTPA"), La. R.S. 51:1401, *et seq.*, and seeking damages and attorney's fees under that Act.[1] Specifically, Plaintiff gives two primary reasons that Defendants engaged in "unfair trade practices" when they garnished his wages. (*FAC* ¶ 14, Doc. 27.) First, Defendants did so without obtaining a valid Louisiana state court judgment against Plaintiff. (*Id.*) Second, Defendants did so without providing Plaintiff with "sufficient notice, evidence showing amounts owed, the institution where incurred, the year of

---

[1] On July 6, 2020, Plaintiff filed this suit in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana. (Doc. 1-2 at 1.) On October 2, 2020, Defendants removed the case to this Court. (Doc. 1.)

enrollment, nor documentation with Plaintiff's signature connecting him to the debt sought to be collected." (*Id.*) In addition, Plaintiff asserts a claim for "unfair or deceptive business practices" in violation of LUTPA, (*id.*), and states that Louisiana courts have "found a trade practice is deceptive 'when it amounts to fraud, deceit, or misrepresentation,' " (*id.* ¶ 12). However, Plaintiff fails to allege any facts in support of this claim.

## II.     Rule 12(b)(6) Standard

In *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014), the Supreme Court explained "Federal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson*, 574 U.S. at 11 (citation omitted).

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the

3

> reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]; *Twombly*, 55[0] U.S. at 556. This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 55[0] U.S. at 556.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-00177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

The Fifth Circuit further explained that, in deciding a Rule 12(b)(6) motion, all well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiff. *Thompson v. City of Waco, Tex.*, 764 F.3d at 500, 502–03 (5th Cir. 2014). The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted." *Id.* at 503.

### III.    Discussion

#### A.   Parties' Arguments

##### *1. Defendants' Original Memorandum (Doc. 28-1)*

First, Defendants assert that Plaintiff's First Amended Complaint must be dismissed because it "still fails to allege facts sufficient" to state any claim for relief. (Doc. 28-1 at 1.) Specifically, Defendants argue that the operative complaint "consists of a number of legal conclusions regarding the Defendants' alleged misconduct" and violations of LUTPA yet fails to present any factual allegations to support those claims. (*Id.* at 5.) In other words, Defendants claim

4

that the facts alleged in the *FAC* fail to give them "adequate notice" of Plaintiff's LUTPA claim and "the grounds upon which it is based." (*Id.*)

Moreover, among the scant facts that Plaintiff does provide, Defendants maintain that most of those factual allegations are completely unsupported. (*Id.* at 2 ("A basic inquiry into the facts and law relevant to this case would have revealed to Plaintiff that each of these statements is unsupported.").) For example, Plaintiff alleges that he was given neither notice nor any documentation evidencing his connection to the debt being collected, yet, Defendants assert that "Plaintiff received advance notice of the wage garnishment on July 29, 2019." (*Id.* at 3.) Further, Defendants point out that the Promissory Note "memorializing Plaintiff's agreement to repay the debt" was included in their Notice of Removal filed on October 2, 2020, several months before Plaintiff filed the FAC. (*Id.* at 2.)[2]

Defendants next argue that, even if the operative complaint is sufficiently specific enough to state a claim for relief, dismissal with prejudice is nevertheless warranted for other reasons. First, Plaintiff's vague assertion that Defendants violated LUTPA by engaging in conduct that "amounts to fraud, deceit, or misrepresentation" is unsupported by any facts. (*Id.* at 8.) LUTPA claims based on "allegedly fraudulent misrepresentation . . . must meet the heightened pleading requirements of Rule 9(b)." (*Id.* (quoting *Pinero v. Jackson Hewitt Tax Serv. Inc.*, 594 F. Supp. 2d 710, 721 (E.D. La. 2009)).) As such, Defendants assert that Plaintiff has not pleaded with the specificity required under Federal Rule of Civil Procedure 9(b) to state a LUTPA claim based on allegations of fraud.

---

[2] Attached to Defendants' motion are the Promissory Note (Exhibit A, Doc. 28-2) and the Administrative Decision and Order authorizing Defendants' garnishment of Plaintiff's wages (Exhibit B, Doc. 28-3). Defendants urge that the Court may properly consider both documents without treating the motion to dismiss as one for summary judgment. (Doc. 28-1 at 4.) *See Garig v. Travis*, No. 20-654, 2021 WL 2708910, at *23, n.9 (M.D. La. June 30, 2021). However, because it is unnecessary for the Court to consider these documents in determining whether to grant the motion, the Court need not address this issue at this time.

Next, Defendants argue that Plaintiff's LUTPA claim must be dismissed because it is preempted by the HEA. (*Id.* at 6.) Plaintiff's LUTPA claim is premised on his allegation that Defendants "improperly garnished his wages" because they failed to seek a Louisiana state court judgment beforehand. (*Id.*) However, Defendants point out that Plaintiff's loan was issued pursuant to the FFELP, "which is governed by the HEA and its implementing regulations." (*Id.*) "Congress, the Department of Education, and courts across the country agree that the HEA preempts causes of action based on wage garnishment." (*Id.* (citing 20 U.S.C. § 1095a; 34 C.F.R. § 682.410(b)(9)(T)(1); *Murungi v. Texas Guaranteed*, 646 F. Supp. 2d 804, 810 (E.D. La. 2009)).)

### *2. Plaintiff's Opposition (Doc. 33)*

Plaintiff opposes the motion, arguing that the *FAC* "not only meets but exceeds" the standard imposed by Federal Rule of Civil Procedure 8(a) for adequately stating a claim for relief. (Doc. 33 at 1.) According to Plaintiff, the "simplified notice pleading standard" embodied by Rule 8(a) "relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims." (*Id.* at 2.) Hence, if the information sought by the Rule 12(b)(6) motion is obtainable through discovery, and the complaint is not completely "unintelligible" or "confusing," the motion should be denied. (*Id.*) Plaintiff does not substantively address Defendants' arguments that the operative complaint fails to satisfy Federal Rule of Civil Procedure 9(b) and that the LUTPA claim is preempted. He does allege that Defendants are "attempting to hide under their incorrect interpretation" of the HEA, but he provides no explanation as to why Defendants' interpretation is erroneous. (*Id.* at 3.)

### B. Law and Analysis

#### *1. Waiver*

As will be discussed below, Plaintiff failed to substantively respond to any of the arguments made in Defendants' motion to dismiss and thus has waived any argument to the contrary. Consequently, the Court could dismiss Plaintiff's claim on this ground alone.

"The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal." *Payton v. Town of Maringouin*, No. 18-563, 2021 WL 2544416, at *26 (M.D. La. June 21, 2021) (deGravelles, J.) (quoting *JMCB, LLC v. Bd. Of Commerce & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (deGravelles, J.) (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003))); *see also JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (stating that, "to avoid waiver, a party must identify relevant legal standards and any relevant Fifth Circuit cases" and holding that, because appellant "failed to do either with regard to its underlying claims, those claims were inadequately briefed and therefore waived") (cleaned up); *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (defendant's failure to offer any "arguments of explanation . . . is a failure to brief and constitutes waiver").

"By analogy, failure to brief an argument in the district court waives that argument in that court." *Payton*, 2021 WL 2544416, at *26 (quoting *JMCB*, 336 F. Supp. 3d at 634 (quoting *Magee*, 261 F. Supp 2d at 748 n.10)); *see also United States ex rel. Wuestenhoefer v. Jefferson*, 105 F. Supp. 3d 641, 672 (N.D. Miss. 2015) (citing *United States v. Dominguez-Chavez*, 300 F. App'x 312, 313 (5th Cir. 2008); *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way,

leaving the court to put flesh on its bones.")); *Kellam v. Servs.,* No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." (citations omitted)); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

In the instant case, Plaintiff's opposition memorandum provides no substantive response to Defendants' arguments, particularly those concerning his failure to comply with Federal Rule of Civil Procedure 9(b) in alleging fraud and preemption of his LUTPA claim. Plaintiff haphazardly states that he is not required to satisfy the heightened pleading standard of Rule 9(b) when stating a LUTPA claim based on allegations of fraud or deceit, but he provides no substantive law—or attempted reasoning, for that matter—to support that conclusion. (Doc. 33 at 2.) Similarly, Plaintiff's only response to the preemption issue is that "Defendants are attempting to circumvent due process by attempting to hide under their incorrect interpretation of the Higher Education Act." (*Id.* at 3.) He fails to provide his own purportedly correct interpretation of the HEA, an explanation as to why Defendants are mistaken, or any case law to support his assertion.

Finally, Plaintiff failed to meaningfully oppose Defendants' argument that he failed to state a plausible claim for relief. As to this issue, Defendants' principal argument is that Plaintiff provided virtually no factual support for his claims. Plaintiff's opposition is replete with rules of law establishing Rule 8(a)'s pleading standard and when Rule 12(b)(6) motions should be granted, but Plaintiff's brief still provides no plausible explanation or sufficient facts to support his claims. For example, Plaintiff responded that the *FAC* satisfies Rule 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2),

8

because it "describes how Defendants are attempting to collect on alleged loans without presenting any proof of each loan amount and loan number along with the semesters and institution(s) attended as it relates to each loan." (Doc. 33 at 2-3.) The problem is that Plaintiff makes no attempt to explain why those facts—even if true—would make Defendants liable. In other words, Plaintiff fails to connect his factual allegations to his claim of wrongdoing.

Plaintiff continues, arguing that the *FAC* "clearly puts Defendants on fair notice" of the claims brought against them, specifically because it "charges that pursuant to LUTPA, Defendants attempt[ed] to collect on alleged loans through unfair or deceptive acts or practices in the conduct of any trade or commerce." (*Id.* at 3.) This response is likewise insufficient; Plaintiff still fails to allege sufficient facts, and instead uses legal conclusions, to support his claims.

In sum, Plaintiff's opposition fails to substantively address any of the arguments set forth in Defendants' motion. In addition, Plaintiff provides almost no substantive law in support of his responses; when he does recite applicable law, it is "unaccompanied by any effort at developed argumentation." (Doc. 19 at 4.) As a result, Plaintiff has waived any opposition, and the Court will grant Defendants' motion on the grounds of waiver. *See Payton*, 2021 WL 2544416, at *26 (finding that, because the plaintiff failed to meaningfully oppose the motion on certain claims and failed to provide case law in support, dismissal of those claims was warranted on the grounds of waiver (citing *JMCB*, 336 F. Supp. 3d at 634 (finding that the operative complaint could be dismissed because plaintiff failed to respond to the substance of defendant's arguments); *Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019) (deGravelles, J.) (finding that policy exclusion could apply because plaintiff failed to oppose insurer's argument on the issue))).

Nevertheless, even if Plaintiff had not waived opposition to the instant motion, the Court is justified in dismissing Plaintiff's claims for substantive reasons under Rule 12(b)(6). The Court now turns to the merits of these claims.

### *2. Substantive Grounds for Dismissal*

LUTPA prohibits "[un]fair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." La. R.S. 51:1405(A). "Because of the broad sweep of this language, Louisiana courts determine what a LUTPA violation is on a case-by-case basis." *J&J Sports Prods., Inc. v. Tienda y Taqueiria "La Frontera," LLC*, No. 16-568, 2017 WL 3166734, at *13 (M.D. La. July 25, 2017) (deGravelles, J.) (quoting *Quality Envtl. Processes, Inc. v. I.P. Petroleum Co., Inc.*, 13-1582 (La. 5/7/14, 21), 144 So. 3d 1011, 1025). "The Louisiana Supreme Court has consistently held that, in establishing a LUTPA claim, plaintiff must show that 'the alleged conduct offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious.' " *Id.* (quoting *Quality Envtl. Processes*, 144 So. 3d at 1025). Moreover, "the range of prohibited practices under LUTPA is extremely narrow, as LUTPA prohibits only fraud, misrepresentation, and similar conduct, and not mere negligence." *Id.* (quoting *Quality Envtl. Processes*, 144 So. 3d at 1025) (internal quotations omitted); *see also Mapp v. UMG Recordings, Inc.*, No. 15-602, 2017 WL 3675419, at *6 (M.D. La. May 3, 2017) (deGravelles, J.).

The jurisprudence generally describes an unfair practice as one that "is unethical, oppressive, unscrupulous, or substantially injurious." *Pinero v. Jackson Hewitt Tax Serv. Inc.*, 594 F. Supp. 2d 710, 721-22 (E.D. La. 2009) (quoting *Jefferson v. Chevron U.S.A. Inc.*, 97-2436 (La. App. 4 Cir. 5/20/98), 713 So. 2d 785, 792). Louisiana courts have distinguished between an unfair practice and a deceptive one, stating that "[a] trade practice is deceptive when it amounts to 'fraud,

10

deceit, or misrepresentation.' " *Id.* at 722 (quoting *Jefferson*, 713 So. 2d at 793); *see also Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 404 (5th Cir. 2000). In addition, and importantly here, the Eastern District of Louisiana has stated that when a "plaintiff's LUTPA claim is based on defendants' allegedly fraudulent misrepresentation, plaintiff's LUTPA claim must meet the heightened pleading requirements of Rule 9(b)." *Pinero*, 594 F. Supp. 2d at 721 (reasoning that, because plaintiff's fraud claim was dismissed for failure to explain "how" and "why" the statements were fraudulent, her LUTPA claim must likewise be dismissed).

"Generally, a plaintiff's complaint will survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss if the complaint plausibly states a claim for relief, assuming its factual allegations are true." *Trinity Med. Servs., L.L.C. v. Merge Healthcare Sols., Inc.*, No. 17-592, 2018 WL 3748399, at *5 (M.D. La. Aug. 7, 2018) (deGravelles, J.) (citing *Local 731 I.B. of T. Excavators and Pavers Pension Trust Fund v. Diodes, Inc.*, 810 F.3d 951, 956 (5th Cir. 2016) (citing *Ashcroft*, 556 U.S. at 678)). "However, when the complaint involves a fraud allegation, Federal Rule of Civil Procedure 9(b) requires a higher pleading standard." *Id.* Specifically, this pleading standard requires the plaintiff to "state with particularity the circumstances constituting fraud." [3] *Id.* (citing Fed. R. Civ. P. 9(b)).

"The Fifth Circuit has interpreted Federal Rule of Civil Procedure 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* (quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009)) (cleaned up). "In short, plaintiffs must plead enough facts to illustrate 'the who, what,

---

[3] In full, Federal Rule of Civil Procedure 9(b) provides the following: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

11

when, where, why and how' of the alleged fraud." *Schott, Tr. for Est. of InforMD, LLC v. Massengale*, No. 18-759, 2019 WL 4741811, at *12 (M.D. La. Sept. 27, 2019) (deGravelles, J.) (quoting *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)).

In the case at hand, Plaintiff alleges that Defendants violated LUTPA by engaging in "unfair or deceptive business practices" and "unfair trade practices" because they garnished Plaintiff's wages (1) without first obtaining a valid state court judgment and presenting it to a Louisiana court for recognition, and (2) without providing Plaintiff with notice and documentation showing his connection to the debt, amounts owed, and the institution where incurred. (*FAC* ¶ 14, Doc. 27.) Plaintiff additionally alleges that Defendants did this with full knowledge that their garnishment was "not procedurally correct." (*Id.* ¶ 11.)

Having considered the matter, the Court finds that Plaintiff failed to satisfy even the general pleading standards required to survive a Rule 12(b)(6) motion. As for the claim that Defendants engaged in "unfair" practices, Plaintiff has failed to show why Defendants' actions were "unethical, oppressive, unscrupulous, or substantially injurious." *Pinero*, 594 F. Supp. 2d at 721-22. Plaintiff similarly provides no explanation as to why Defendants committed "deceptive" trade practices that amount to "fraud, deceit, or misrepresentation." *Id.* at 722. By garnishing Plaintiff's wages, Defendants were merely engaging in a legal and appropriate business practice in order to collect on the debt owed to them. As such, Plaintiff has not stated a viable claim for relief under LUTPA.

Additionally, even if Plaintiff had sufficiently plead his LUTPA claims, he certainly does not meet the heightened pleading standard imposed by Federal Rule of Civil Procedure 9(b). The *FAC* does not specify *what* exact acts it alleges to be deceptive and fraudulent, nor does it state *when* and *where* the fraudulent acts took place. And it certainly does not explain *why* those acts

12

are fraudulent. In sum, Plaintiff has not sufficiently plead enough facts to show the "who, what, when, where, why and how" of the alleged fraud, as is required by the Fifth Circuit's strict interpretation of Rule 9(b). *See Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). Therefore, because Plaintiff has failed to allege fraud with the requisite particularity, the LUTPA claim based on deceptive trade practices must be dismissed.

Finally, Defendants contend that Plaintiff's LUTPA claim must be dismissed as it is preempted by the HEA. (Doc. 28-1 at 6.) For the following reasons, the Court agrees.

The HEA's wage garnishment requirements section provides that, "*Notwithstanding any provision of State law*, a guaranty agency . . . may garnish disposable pay of an individual to collect the amount owed by the individual." 20 U.S.C. § 1095a(a) (emphasis added). Courts throughout the country agree that, because of this provision, the HEA preempts state law claims concerning administrative wage garnishment. *See Bennett v. Premiere Credit of N. Am., LLC*, 504 F. App'x 872, 879 (11th Cir. 2013) (finding that—because the Georgia wage garnishment statute "hinders [the guarantor's] ability to garnish a debtor's wages" by requiring the guarantor to obtain a state court judgment prior to wage garnishment—the Georgia statute is preempted by the HEA); *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1125 (11th Cir. 2004) (noting that, because Congress purposefully "include[d] a provision that directly addresses the preemption of state law" when it drafted the language of 20 U.S.C. § 1095a(a), the HEA expressly preempts state law claims relating to wage garnishment); *Wheeler v. Premiere Credit of N. Am., LLC*, 80 F. Supp. 3d 1108, 1116 (S.D. Cal. 2015) (finding that the plaintiff's cause of action under state law dealing with debt collection practices was preempted because of the specific language of 20 U.S.C. § 1095a); *Murungi v. Texas Guaranteed*, 646 F. Supp. 2d 804, 810 (E.D. La. 2009) (where the court

13

"acknowledge[d] that any [state law] claim predicated on required contacts or a valid wage garnishment is preempted[,]" and stated that it would dismiss those state law claims in the future if the student loan guarantors can demonstrate that they merely complied with the HEA and its implementing regulations when they contacted plaintiff and garnished his wages); *Educ. Credit Mgmt. Corp. v. Wilson*, No. 1:05-CV-41, 2005 WL 1263027, *4 (E.D. Tenn. May 27, 2005) ("a guaranty agency seeking to garnish an employee's wages pursuant to 20 U.S.C. § 1095a need not comply with state laws governing garnishment orders.").

Again, in his *FAC*, Plaintiff claims that Defendants violated LUTPA because they "garnished Plaintiff's wages without obtaining a valid judgment and presenting same to a Louisiana court for recognition[.]" (*FAC* ¶ 14, Doc. 27.)  Plaintiff also alleges that Defendants failed to provide "sufficient notice, evidence showing amounts owed, the institution where incurred, the year of enrollment, nor documentation with Plaintiff's signature connecting him to the debt sought to be collected." (*Id.*)

Here, Plaintiff obtained a FFELP Federal Consolidation Loan, which is undisputedly governed by the HEA and its implementing regulations. Because Plaintiff's LUTPA claim is premised on his conclusion that the wage garnishment at issue was procedurally incorrect under state law requirements, the Court finds that Plaintiff's cause of action is preempted by the HEA. Therefore, with multiple bases for dismissing Plaintiff's LUTPA claims, the Court will dismiss Plaintiff's *FAC*.

### IV.   Leave to Amend

Plaintiff has not requested leave to amend his First Amended Complaint. Out of an abundance of caution, however, the Court will nevertheless explain why an additional amendment will not be allowed.

Federal Rule of Civil Procedure 15(a) "requires the trial court to grant leave to amend freely;" further, "the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (internal citations omitted). However, "leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Jones*, 427 F.3d at 994). The Fifth Circuit further described the district courts' discretion on a motion to amend as follows:

> The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, *repeated failures to cure deficiencies by amendments previously allowed*, undue prejudice to the opposing party . . . , and *futility of the amendment*." *Jones*, 427 F.3d at 994. (citation omitted). "In light of the presumption in favor of allowing pleading amendments, courts of appeals routinely hold that a district court's failure to provide an adequate explanation to support its denial of leave to amend justifies reversal*.*" *Mayeaux v. La. Health Serv. & Indent. Co.*, 376 F.3d 420, 426 (5th Cir. 2004) (citation omitted). However, when the justification for the denial is "readily apparent," a failure to explain "is unfortunate but not fatal to affirmance if the record reflects ample and obvious grounds for denying leave to amend." (citation and internal quotation marks omitted).

*Id.*, 751 F.3d at 378 (emphasis added).

In addition, the Fifth Circuit has made clear that "denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Id.* at 379 (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)). An amendment would be deemed futile "if it would fail to survive a Rule 12(b)(6) motion." *Id.*

Applying this standard, the Court will not allow Plaintiff to make an additional amendment. The Court's prior *Ruling and Order* on Defendants' original motion to dismiss should have notified Plaintiff of the waiver issue and the possibility that he simply could not allege sufficient

facts support his claims. (*See* Doc. 19 at 5–6 (where the Court reminded Plaintiff of his obligations under Fed. R. Civ. P. 11(b) that he "should have a good faith basis in law and fact for any claims he makes").) As stated above, "repeated failures to cure deficiencies by amendments previously allowed" is a factor to consider when granting or denying leave to amend, as is undue delay. *Marucci Sports*, 751 F.3d at 378 (citation omitted). The Court finds that these factors weigh in favor of denying leave to amend.

More importantly, however, the Court finds that any amendment here would be futile. As discussed above, given the fact that the HEA governs Defendants' wage garnishment procedures, and given the fact that the HEA preempts Plaintiff's state law LUTPA claims, there is currently no basis for a claim against Defendants. For this additional reason, the Court will deny Plaintiff leave to amend and dismiss his claims with prejudice.

## V.  Conclusion

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss Plaintiff's First Amended Complaint* (Doc. 28) filed by Defendants Ascendium Education Group and Pioneer Credit Recovery, Inc. is **GRANTED** and that all of Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on November 24, 2021.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**